IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

REVENUE REALIZATION LLC,        )
                                )
            Plaintiff,           )
                                )
     v.                         )    No.  11 C 85
                                )
H&R BLOCK, INC.,                )
                                )
            Defendant.          )

                           MEMORANDUM

    Revenue Realization LLC ("Revenue Realization") has sued H&R Block, Inc. ("Block") for claimed patent infringement.  When Block then responded with a motion to dismiss for lack of personal jurisdiction on the ground that it was the holding company of a large group of related corporations, with no contact with the State of Illinois that would support its being haled into court here, counsel for Revenue Realization replied by asserting that the Court of Appeals for the Federal Circuit had established a jurisdictional standard that departed from the universal principles established by the Supreme Court, citing the Federal Circuit's decision in <u>Nuance Commc'ns, Inc. v. Abbyy Software House</u>, 626 F.3d 1222 (Fed. Cir. 2010) as claimed authority for that proposition.  Because this Court was unfamiliar with the <u>Nuance</u> opinion, it deferred consideration of the motion for a few days, to be heard at 9:15 a.m. April 7.

    This Court then proceeded to review <u>Nuance</u> and found that it was not at all as counsel had represented.  Quite the contrary,

that case unsurprisingly cited just what Claude Rains referred to in his classic line in Casablanca as "rounding up the usual suspects": Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)(discussed in Nuance at 626 F.3d 1231 and 1232-33), World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)(discussed in Nuance at 626 F.3d 1233-34) and Asahi Metal Industry Co. v. Superior Court of Cal., 480 U.S. 102 (1987)(discussed in Nuance at 626 F.3d at 1233-34).

Most importantly, the portion of Nuance on which the counsel here sought to rely dealt with a subsidiary company that, wholly unlike naked holding company Block, had the type of direct contacts with the forum that "purposefully directed activities at residents of the forum" (the first prong of the three-prong test set out in Nuance, 626 F.3d at 1231) in a manner sufficient to support its being haled into court there. All of the substantive analysis in Nuance, id. at 1230-34 related to that situation.

What Revenue Realization's counsel has attempted to do is to conflate that analysis with the Nuance opinion's treatment of the parent corporation, as to which the opinion (id. at 1235) set out the factors that led the Federal Circuit to state that the "limited evidence of record supports Nuance's contention that Abbyy Software functions as more than a holding company" (id.). No such evidence implicates Block, which has provided chapter and verse that confirm its totally passive existence at the apex of

the corporate pyramid. In short, Nuance simply does not support Revenue Realization's position.

Despite this Court's urging, counsel for Revenue Realization continued to resist the offer by Block's counsel to identify for him the one or more Block subsidiaries that would be the appropriate targets for this patent infringement lawsuit.[1] Nor was Revenue Realization's counsel receptive to this Court's suggestion that if he were uncertain as to whether he had received the correct information as to the appropriate corporate target or targets, he could resort to the expedient of naming as defendants all of the potentially likely Block subsidiaries and of then awaiting a winnowing-down process through dismissal motions.

In all events Revenue Realization's counsel sought to insist that this Court accept for filing his 15-page Plaintiff's Response to Defendant's Motion To Dismiss for Lack of Personal Jurisdiction, which he had prepared between the two court dates. This Court's threshold examination of that submission disclosed that the Response began its first sentence with the citation of, and continued reliance on, Nuance--as already explained, far less than a weak reed to lean on. But the poverty of Revenue Realization's position is perhaps best exemplified by its

---

[1] In that respect, Block's counsel had expressed not only a willingness but a desire to reach the merits of this litigation.

Response's effort to rely in principal part on the SEC Form 10-K properly filed by parent holding company Block as the SEC registrant. That attempted reliance can best be characterized as bizarre.

As is typical of a Form 10-K filing for a corporate conglomerate with numerous subsidiaries, Block's (which is attached as Ex. 2 to the Response) follows the classic format of stating:

> "H&R Block," "the Company," "we," "our" and "us" are used interchangeably to refer to H&R Block, Inc. or to H&R Block, Inc. and its subsidiaries, as appropriate to the context.

And what then follows, as Form 10-K requires, is a description of the total business activities of the conglomerate--nothing in that account suggests that any of those activities are conducted by or are attributable to the holding company parent. Counsel should know better.

Although the New Yorker magazine may have abandoned this practice, in past years its editorial staff would often include a brief filler, at the end of an article that did not fill the final page, containing amusing quotations of malapropisms or other errors from other publications and reprinted under the caption "Department of Clotted Nonsense." Although this Court has already ruled orally to grant Block's motion to dismiss in the face of the inexplicable intransigence on the part of Revenue Realization's counsel, this memorandum is issued to confirm, by

4

way of completing the record, (1) that leave is granted to file the previously-referred-to Plaintiff's Response and (2) that this Court has given that Response full consideration and finds that it does not alter the views that this Court expressed orally on April 7 and has stated much more briefly in this memorandum.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 11, 2011